UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-CV-4278 |
| | ) | |
| JAMES T. DIMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee is paid.  28 U.S.C. § 1915(d)(2).  Accordingly, the Court sends cases proceeding in forma pauperis for service only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that he is being denied access to the court because the lack of legal resources at Rushville have prevented him from filing a state petition for coram nobis to challenge the constitutionality of his conviction.

In Powers v. Clayton, 14-cv-3306, one of Plaintiff's 20 cases he has pursued in this District, the Court recently granted summary judgment to Defendants on a substantially similar claim by Plaintiff.  This Court explained in that order that

Page **2** of **6**

> The constitutional right to access the court is not "an abstract freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). The right to access the courts means the right to pursue nonfrivolous claims, not the right to various legal resources.  See Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003)("[A] right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access and are not protected in and of themselves.")(abrogated on other grounds as recognized in Parrott v. U.S., 536 F.3d 629, 635 (7th Cir. 2008)).  Thus, an access claim is viable only if a plaintiff suffered an "actual injury" from the inability to pursue a nonfrivolous claim. Lewis, 518 U.S. at 351; In re Maxy, 674 F.3d 658, 660 (7th Cir. 2012); May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000).  There must be a "connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir.2009) (internal quotation and citation omitted).  "Without a tenable argument to pursue . . . , [a plaintiff] cannot show actual prejudice resulting from denial of access to the law library."  McCree v. Grissom, 657 F.3d 623, 624 (7th Cir. 2011).

(14-cv-3306, 1/27/17 Order.)

As in 14-cv-3306, Plaintiff has not identified any legitimate legal challenge he has been unable to pursue because of Rushville's alleged inadequate legal resources.  Plaintiff has already pursued

his post-conviction challenges and a federal habeas action.  *See, e.g.,* People v. Powers, 2011 IL App (2d) 090292, 961 N.E.2d 906 (recounting procedural history of Plaintiff's challenges to his conviction and rejecting ineffective assistance of counsel argument)(Plaintiff represented by State Appellate Defender); U.S. ex rel. Powers v. Anglin, 2012 WL 1161510 (N.D. Ill)(denying Plaintiff's habeas corpus petition).  Plaintiff does not explain what further constitutional challenge he might be able to pursue.  In People v. Moore, 2012 IL App (4th) 100746-U, 2012 WL 7008829, the Illinois Appellate Court explained:

> The writ of error coram nobis has been abolished and incorporated into section 2–1401 of the Code of Civil Procedure (735 ILCS 5/2–1401 (West 2010)). "Section 2–1401 is intended to correct errors of fact, unknown to the petitioner and the court at the time of the judgment, which would have prevented the rendition of the judgment had they been known." People v. Muniz, 386 Ill.App.3d 890, 893, 899 N.E.2d 428, 431 (2008). To obtain relief under section 2–1401 a defendant must file a petition no later than two years after the entry of judgment or order. 735 ILCS 5/2–1401(c) (West 2010).

Plaintiff does not explain why he might have a plausible claim under this section to vacate his conviction or how that pursuit

would be timely at this point.  No plausible inference arises that Plaintiff has been denied access to the court.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is granted on the grounds of indigency (3), but this case is dismissed, without prejudice, because Plaintiff fails to state a federal claim.  This case is closed.

2. Plaintiff's motion for relief to appeal in forma pauperis is denied as premature (6).

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

ENTERED:  February 22, 2017

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE